A.C.S.
5/29/13

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

CM/GW/2012R00354

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

2013 JUN 12 P 4:06

CLERK'S OFFICE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** _____ JFM-13-0305 |
| | : | |
| **v.** | : | **Conspiracy to Traffic in Counterfeit** |
| | : | **Goods and Counterfeit Military Goods,** |
| **HAO YANG,** | : | **18 U.S.C. § 2320; Trafficking in** |
| **Defendant** | : | **Counterfeit Goods and Counterfeit** |
| | : | **Military Goods, 18 U.S.C. § 2320;** |
| | : | **Aiding and Abetting, 18 U.S.C. § 2;** |
| | : | **Forfeiture, 18 U.S.C. § 2323 (a) and (b).** |

...oOo...

## INDICTMENT

## COUNT ONE

**Conspiracy to Traffic in Counterfeit Goods and Counterfeit Military Goods**

The Grand Jury for the District of Maryland charges that:

1. At all times material to the Indictment, **HAO YANG** was a citizen of China who resided in the United States on a Student Visa.

2. At times material to the Indictment, **HAO YANG** and conspirators created and/or operated several companies in Maryland and elsewhere in the United States for the purpose of importing and selling counterfeit goods and counterfeit military goods, including MS TECHNOLOGIES, INC. in Baltimore, Maryland, AONE ELECTRONICS, INC., ARRCORD GROUP, LLC., and SMC GROUP.

3. At times material to the Indictment, a conspirator created and operated ABEST TECHNOLOGIES, LTD in China and utilized addresses and company fronts in Baltimore, Maryland for this company.

4. Beginning in or before March 2011, and continuing up to and through the date of

this Indictment, in the District of Maryland and elsewhere,

## HAO YANG,

defendant herein, did knowingly and willfully combine, conspire, confederate, and agree with

persons known and unknown to the Grand Jury, to intentionally (A) traffic in goods and

knowingly use a counterfeit mark on or in connection with such goods, and (B) traffic in goods

knowing that such goods are counterfeit military goods the use, malfunction, or failure of which

was likely to cause serious bodily injury or death, impairment of combat operations, or other

significant harm to a combat operation, a member of the Armed Forces, or to national security,

all in violation of Title 18, United States Code, Section 2320.

5.      The objects of the conspiracy were:

a.      to send from China and Hong Kong to the United States counterfeit goods

including integrated circuits, also called microcircuits, audions, diodes, and audion diodes;

b.      to supply individuals, companies, and government agencies in the United

States with counterfeit goods, some of which were military grade integrated circuits;

c.      to conceal from American individuals, companies, and government

agencies that the goods were counterfeit and were produced in China and Hong Kong; and

d.      to generate revenues and profits from the sale of counterfeit goods.

6.      It was part of the conspiracy that in or about March 2011 **HAO YANG** took over

the operation of MS TECHNOLOGIES, INC., after the prior operators of that company returned

from the United States to China, which company he continued to use, among others, to import

and resell in the United States counterfeit integrated circuits including military grade integrated

circuits.

2

7.     It was further part of the conspiracy that **HAO YANG** obtained counterfeit integrated circuits, including counterfeit military grade integrated circuits, from conspirators in China and Hong Kong that were imported into and resold in the United States.

8.     It was further part of the conspiracy that **HAO YANG** obtained other counterfeit goods from China and Hong Kong, including computer software, Digital Video Disks (DVDs), and sports jerseys, that were imported into and resold in the United States.

9.     It was further part of the conspiracy that **HAO YANG** imported more than 500 shipments between March 2011 and April 2013, including approximately 289 shipments involving integrated circuits.

10.     It was further part of the conspiracy that **HAO YANG** assumed several false identities during the importing and selling of counterfeit goods including counterfeit military goods.

11.     It was further part of the conspiracy that in or about December 2011, a company in St. Petersburg, Florida, ordered military grade integrated circuits from MS TECHNOLOGIES, INC., which the company believed to be located in Baltimore Maryland, and that 341 counterfeit military grade integrated circuits of a value of approximately $17,561 were shipped by **HAO YANG** on or about December 21, 2011, from his address in Bloomsburg, Pennsylvania to the company in St. Petersburg, Florida.

12.     It was further part of the conspiracy that on or about June 6, 2012, **HAO YANG** attempted to import into the United States 30 counterfeit DVDs entitled Insanity Workout having a Manufacturers Suggested Retail Price (MSRP) value of approximately $3,595.

13.     It was further part of the conspiracy that on or about June 12, 2012, **HAO YANG**

3

attempted to import into the United States 99 units containing counterfeit Microsoft Office software disks having an MSRP value of approximately $49,499.

14.     It was further part of the conspiracy that on or about June 26, 2012, **HAO YANG** imported into the United States 50 counterfeit military grade integrated circuits.

15.     It was further part of the conspiracy that on or about June 29, 2012, **HAO YANG** imported into the United States 30 counterfeit military grade integrated circuits.

16.     It was further part of the conspiracy that on or about June 29, 2012, **HAO YANG** imported into the United States 41 counterfeit DVDs entitled Insanity Workout having an MSRP value of approximately $4,913.

17.     It was further part of the conspiracy that on or about July 2, 2012, **HAO YANG** received and signed for a certified letter informing him that the 99 units containing Microsoft Office software disks that he attempted to import on June 12, 2012, as set forth in paragraph 13 above, were in fact counterfeit.

18.     It was further part of the conspiracy that on or about September 24, 2012, **HAO YANG** imported into the United States 95 units of counterfeit Microsoft Office software disks having an MSRP value of approximately $47,505 and 50 counterfeit National Football League jerseys having an MSRP value of approximately $7,500.

19.     It was further part of the conspiracy that on or about October 15, 2012, **HAO YANG** imported in the United States 47 counterfeit integrated circuits including 22 military grade integrated circuits.

20.     It was further part of the conspiracy that on or about October 17, 2012, **HAO YANG** imported into the United States 3 counterfeit military grade integrated circuits.

4

21.     It was further part of the conspiracy that on or about October 31, 2012, **HAO YANG** attempted to import into the United States 144 counterfeit integrated circuits including 94 military grade integrated circuits having an MSRP value of approximately $10,444.

22.     It was further part of the conspiracy that on or about November 28, 2012, **HAO YANG** attempted to import into the United States 48 counterfeit National Football League jerseys having an MSRP value of approximately $7,200.

23.     It was further part of the conspiracy that on or about December 3, 2012, **HAO YANG** received and signed for a certified letter informing him that 94 of the integrated circuits that he attempted to import on October 31, 2012, as set forth in paragraph 21 above, were in fact counterfeit military goods.

24.     It was further part of the conspiracy that on or about December 20, 2012, **HAO YANG** imported into the United States 77 counterfeit integrated circuits including military grade integrated circuits having an MSRP value of approximately $315.70.

25.     It was further part of the conspiracy that on or about February 5, 2013, **HAO YANG** sent to a company in Maryland 15 counterfeit integrated circuits, including 5 counterfeit military grade integrated circuits, having a value of approximately $475.

26.     It was further part of this conspiracy that on or about April 13, 2013, **HAO YANG** attempted to import into the United States 1020 counterfeit integrated circuits having an MSRP value of approximately $5,890.

18 U.S.C. § 2320

## COUNT TWO

### Trafficking in Counterfeit Military Goods

1.      The allegations set forth in paragraphs 1-3, 5-11, 17, and 23 of Count One of this

Indictment are realleged and incorporated by reference as though fully set forth herein.

2.      On or about December 21, 2011, in the District of Maryland and elsewhere,

### HAO YANG,

the defendant herein, did traffic in counterfeit military goods in that he sold to a company in

Florida 341 counterfeit military grade integrated circuits.

18 U.S.C. §§ 2320 and 2

## COUNT THREE

### Trafficking in Counterfeit Goods and Counterfeit Military Goods

1.      The allegations set forth in paragraphs 1-3, 5-10, 17, 23, and 25 of Count One of

this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.      On or about February 5, 2013, in the District of Maryland and elsewhere,

### HAO YANG,

the defendant herein, did traffic in counterfeit goods including counterfeit military goods in that

he sold to a company in Maryland 15 counterfeit integrated circuits, including 5 counterfeit

military grade integrated circuits.

18 U.S.C. §§ 2320 and 2

## FORFEITURE ALLEGATION

And the Grand Jury for the District of Maryland further finds that:

Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 2323(a) and (b), in the event of the defendant's convictions of any Counts of this Indictment.

Pursuant to Title 18, United States Code, Section 2323(a) and (b), upon conviction of an offense in violation of Title 18, United States Code, Section 2320, the defendant,

### HAO YANG,

shall forfeit:

(A) Any article, the making or trafficking of which is, prohibited by Title 18, United States Code, Section 2320.

(B) Any property used, or intended to be used, in any manner or part to commit or facilitate the commission of the offense.

(C) Any property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of the offense.

If any of the forfeitable property described above, as a result of any act or omission by the defendant:

a.      Cannot be located upon the exercise of due diligence;

b.      Has been transferred or sold to, or deposited with, a third party;

c.      Has been placed beyond the jurisdiction of the Court;

d.      Has been substantially diminished in value; or

8

    e.    Has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2323(b).

18 U.S.C. § 2323 (a) and (b)
21 U.S.C. § 853(p)

*Rod J. Rosenstein*

Rod J. Rosenstein
United States Attorney

**SIGNATURE REDACTED**

Foreperson

6-12-13
_____
Date

9